UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO LEWAYNE PILCHER, | No.  2:14-cv-0566 DAD P |
| Plaintiff, | |
| v. | ORDER |
| MIKE BABCOCK et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se.  Plaintiff has brought his civil action seeking relief pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971)[1] and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

/////

/////

---

[1] Actions brought under 42 U.S.C. § 1983 and those brought under <u>Bivens</u> are similar, except that under § 1983 a state actor's conduct is at issue, and under <u>Bivens</u> a federal actor's conduct it is issue.  <u>See</u> <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).  When reviewing a <u>Bivens</u> action for which there is no case on point, § 1983 cases are to be applied by analogy.  <u>See</u> <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

2  1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

3  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

4  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

5  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

6  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

7  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

8  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

9  1915(b)(2).

10                                    **SCREENING REQUIREMENT**

11    The court is required to screen complaints brought by prisoners seeking relief against a

12  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

13  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

14  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

15  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

16  U.S.C. § 1915A(b)(1) & (2).

17    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

18  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

19  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

20  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

21  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

22  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

23  Cir. 1989); Franklin, 745 F.2d at 1227.

24    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

25  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

27  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

28  However, in order to survive dismissal for failure to state a claim a complaint must contain more

1   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

2   allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

3   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

4   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

6   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

7                                   **PLAINTIFF'S COMPLAINT**

8            In his complaint plaintiff has identified Warden Babcock and seven other prison officials

9   employed at Federal Correctional Institution, Herlong, as the defendants.  Plaintiff's complaint is

10  difficult to decipher.  However, it appears plaintiff is attempting to allege that the defendants have

11  failed to provide him with constitutionally adequate medical care.  In this regard, plaintiff alleges

12  that he has a serious head and brain injury but has not received an adequate medical examination.

13  Instead, according to plaintiff, defendants have made sure that his daily existence has been

14  complicated, miserable, and as uncomfortable as possible.  (Compl. at 3 & Attachs.)

15                                         **DISCUSSION**

16           The allegations of plaintiff's complaint are so vague and conclusory that the court is

17  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

18  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

19  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

20  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

21  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

22  with at least some degree of particularity overt acts which defendants engaged in that support his

23  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

24  8(a)(2), the complaint must be dismissed.  However, the court will grant plaintiff leave to file an

25  amended complaint.

26           If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how

27  the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

28  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must

1    allege in specific terms how each named defendant was involved in the deprivation of plaintiff's

2    rights. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

3    1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

4    official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673

5    F.2d 266, 268 (9th Cir. 1982).

6         Plaintiff's complaint suffers from a number of deficiencies.  First, the court observes that

7    plaintiff has named a number of supervisory officials as the defendants in this action.  However,

8    plaintiff has not alleged what specific acts each of these supervisory defendants engaged in to

9    violate his constitutional rights.  Plaintiff is advised that the United States Supreme Court has

10    held that federal officials cannot be held vicariously liable "for the unconstitutional conduct of

11    their subordinates under a theory of respondeat superior."  <u>Ashcroft v. Iqbal</u>, 554 U.S. 662, 676

12    (2009).  Therefore, when a named defendant holds a supervisorial position, the causal link

13    between that defendant and the claimed constitutional violation must be specifically alleged.  <u>Id.</u>

14         Moreover, insofar as plaintiff wishes to present a claim that he has received

15    constitutionally inadequate medical care, he is advised that the United States Supreme Court has

16    recognized that a <u>Bivens</u> action may be brought under the Eighth Amendment for damages

17    incurred as a result of inadequate medical care.  <u>See</u> <u>Minneci v. </u>Pollard, __ U.S. __, __, 132 S. Ct.

18    617, 622 (2012) (citing <u>Carlson v. Green</u>, 446 U.S. 14 (1080).  However, to establish a violation

19    of the Eighth Amendment based on inadequate medical care, plaintiff must allege in specific

20    terms how any named defendants were "deliberately indifferent" to his serious medical needs in

21    either denying or providing inadequate medical care to him.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97,

22    106 (1976) (inadequate medical care did not constitute cruel and unusual punishment unless the

23    mistreatment rose to the level of "deliberate indifference to serious medical needs.").  Deliberate

24    indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

25    ordinary lack of due care for the prisoner's interests or safety.'"  <u>Farmer v. Brennan</u>, 511 U.S.

26    825, 835 (1994).  Before it can be said that a prisoner's civil rights have been abridged, "the

27    indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

28    'medical malpractice' will not support this cause of action."  <u>Broughton v. Cutter Lab.</u>, 622 F.2d

1  458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06).  Likewise, a mere disagreement

2  between plaintiff and defendants as to how defendants provided him with medical care fails to

3  state a cognizable claim.  <u>See</u> <u>Toguchi v. Soon Hwang Chung</u>, 391 F.3d 1051, 1058 (9th Cir.

4  2004); <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

5          Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

6  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

7  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

8  amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th

9  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

10  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

11  and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

13          Accordingly, IT IS HEREBY ORDERED that:

14      1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

15      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

16  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

17  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

18  Warden of Federal Correctional Institution, Herlong, filed concurrently herewith.

19      3.  Plaintiff's complaint is dismissed.

20      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

21  complaint that complies with the requirements of this order, the Federal Rules of Civil Procedure,

22  and the Local Rules of Practice; the amended complaint must bear the docket number assigned to

23  this case and must be labeled "Amended Complaint"; failure to file an amended complaint in

24  accordance with this order will result in a recommendation that this action be dismissed without

25  prejudice.

26  /////

27  /////

28  /////

5

1         5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

2    rights action.

3    Dated:  March 21, 2014

4

5    _____

    DALE A. DROZD

6        UNITED STATES MAGISTRATE JUDGE

DAD:9

pilc0566.14a

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28