UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO LEWAYNE PILCHER, | No. 2:14-cv-0566 DAD P |
| Plaintiff, | |
| v. | ORDER |
| MIKE BABCOCK et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se. Plaintiff has brought his civil action seeking relief pursuant to the decision in Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).[1] Pending before the court is plaintiff's second amended complaint.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] Actions brought under 42 U.S.C. § 1983 and those brought under Bivens are similar, except that under § 1983 a state actor's conduct is at issue, and under Bivens a federal actor's conduct it at issue. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). When reviewing a Bivens action alleging a constitutional violation for which there is no case law directly on point with respect to the actions of federal officials, decisions addressing § 1983 cases are to be applied by analogy. See Butz v. Economou, 438 U.S. 478, 503-04 (1978).

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
2  U.S.C. § 1915A(b)(1) & (2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.

10       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
11 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
12 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
13 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
14 However, in order to survive dismissal for failure to state a claim a complaint must contain more
15 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
16 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
17 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
18 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
19 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
20 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21       **PLAINTIFF'S SECOND AMENDED COMPLAINT**

22       In his second amended complaint plaintiff has identified Warden Babcock and
23 approximately a half a dozen other prison officials at the Federal Correctional Institution,
24 Herlong, as the defendants.  Plaintiff's complaint is difficult to decipher.  However, it appears that
25 plaintiff is alleging that he suffers from a blood clot on his brain and has not received adequate
26 medical attention for this serious medical need.  For example, in his second amended complaint
27 plaintiff recounts an incident where defendant Winery called him in for an interview.  According
28 to plaintiff, he informed defendant Winery about his medical condition, but the defendant told

him to write to the Department of Justice for help.  Plaintiff notes that he filed a complaint against defendants with the American Correctional Association Standard and Accreditation Department for their failure to provide him with adequate medical care.  Thereafter, plaintiff alleges that he was called to report to a lieutenant's office where defendant Swain asked him about the complaint he had filed.  Plaintiff informed defendants that he was "framed" and needed medical care, but they said they were unaware of his injury and told him that they could not release him until they received a court order requiring them to do so.  Plaintiff claims that defendants also did not provide him with any medical care after this meeting.  Plaintiff notes that at some point after the meeting with defendant Swain he had to go to the Security Housing Unit where he had another confrontation with defendant Swain, which led to a visit from the psychology department.  Plaintiff alleges that he did not receive medical care pertaining to his head and brain after that meeting either.  In terms of relief, plaintiff requests damages.  (Sec. Am. Compl. at 3-16.)

## DISCUSSION

The allegations of plaintiff's second amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the second amended complaint must be dismissed.  However, in the interest of justice, the court will grant plaintiff leave to file a final, third amended complaint.

If plaintiff chooses to pursue this action by filing a third amended complaint, he must allege facts therein demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

3

1  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
2  1978). Vague and conclusory allegations of official participation in civil rights violations are not
3  sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4      As the court previously advised plaintiff, the United States Supreme Court has recognized
5  that a Bivens action may be brought under the Eighth Amendment for damages incurred as a
6  result of the provision of inadequate medical care. See Minneci v. Pollard, __ U.S. __, __, 132 S.
7  Ct. 617, 622 (2012) (citing Carlson v. Green, 446 U.S. 14 (1980)). However, to establish a
8  violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege in
9  specific terms how any named defendants were "deliberately indifferent" to his serious medical
10  needs in either denying or providing inadequate medical care to him. See Estelle v. Gamble, 429
11  U.S. 97, 106 (1976) (inadequate medical care did not constitute cruel and unusual punishment
12  unless the mistreatment rose to the level of "deliberate indifference to serious medical needs.").

13      Deliberate indifference is "a state of mind more blameworthy than negligence" and
14  "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v.
15  Brennan, 511 U.S. 825, 835 (1994). Before it can be said that a prisoner's civil rights have been
16  abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,'
17  'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
18  Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Likewise, a mere
19  disagreement between plaintiff and defendants as to how defendants provided him with medical
20  care fails to state a cognizable claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058
21  (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

22      Plaintiff is also reminded that the court cannot refer to prior pleadings in order to make his
23  third amended complaint complete. Local Rule 220 requires that an amended complaint be
24  complete in itself without reference to any prior pleading. This is because, as a general rule, an
25  amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th
26  Cir. 1967). Once plaintiff files a third amended complaint, the prior pleading no longer serves
27  any function in the case. Therefore, in a third amended complaint, as in an original complaint,
28  each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Also pending before the court is plaintiff's motion for appointment of counsel. A federal district court may under "exceptional circumstances" request the service of counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). A court determines whether "exceptional circumstances" exist based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity. Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. At this juncture, plaintiff has not convinced the court that the required exceptional circumstances are present in this case. Accordingly, the court will deny plaintiff's motion for appointment of counsel.

Plaintiff has also filed several other requests with the court, including one styled "Request for Transfer of Funds" which was filed in conjunction with his motion for appointment of counsel, a request for "agreement documents materials," and a request for a "writ/Release Order re documents." (Doc. Nos. 15, 16 & 17.) As with plaintiff's second amended complaint, these motions are difficult to decipher. The court is therefore unable to determine what relief plaintiff seeks or whether he is entitled to any relief with respect to his various requests. Accordingly, the court will deny plaintiff's requests without prejudice to their renewal with clarification by plaintiff.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in dismissal of this action without prejudice; and

3.  Plaintiff's motion for appointment of counsel (Doc. No. 15) is denied.

4.  Plaintiff's requests for transfer of funds, for agreement documents materials and for a writ/release order re documents (Doc. Nos. 15, 16 &17) are denied.

Dated:  September 28, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pilc0566.14am