1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    ORLANDO LEWAYNE PILCHER,                 No.  2:14-cv-0566-EFB P (TEMP)

11                  Plaintiff,

12          v.                                 ORDER

13    MIKE BABCOCK et al.,

14                  Defendants.

15

16          Plaintiff is a federal prisoner proceeding pro se and in forma pauperis.[1]  Plaintiff has

17    brought this civil action seeking relief pursuant to the decision in *Bivens v. Six Unknown Named*

18    *Agents*, 403 U.S. 388 (1971).[2]

19          Plaintiff's third amended complaint is before the court for screening.  For the reasons

20    discussed below, the complaint must be dismissed, without further leave to amend, for failure to

21    state a cognizable claim for relief.

22

23          [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636;
24    *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

25          [2] Actions brought under 42 U.S.C. § 1983 and those brought under *Bivens* are similar,
26    except that under § 1983 a state actor's conduct is at issue, and under *Bivens* a federal actor's
      conduct is at issue. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  When reviewing
27    a *Bivens* action alleging a constitutional violation for which there is no case law directly on point
      with respect to the actions of federal officials, decisions addressing § 1983 cases are to be applied
28    by analogy. *See Butz v. Economou*, 438 U.S. 478, 503-04 (1978).

1

1                              **SCREENING REQUIREMENT**

2        Federal courts must engage in a preliminary screening of cases in which prisoners seek

3 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6 relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7 relief."  *Id.* § 1915A(b).

8        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10 plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15 U.S. 662, 679 (2009).

16        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20 678.

21        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23 content that allows the court to draw the reasonable inference that the defendant is liable for the

24 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27 plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28 /////

1

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

2       Similar to plaintiff's prior complaints, his third amended complaint is difficult to decipher.

3   He appears to complain that prison officials have deprived him of good-time credits, his property,

4   telephone calls, visits, and time at the commissary.  He also appears to complain that prison

5   officials are injuring his reputation and depriving him of mail, specifically, gold coins.  Finally,

6   plaintiff appears to complain that he is not receiving adequate medical care, and Warden Babcock

7   has ignored his inmate grievances.  In terms of relief, plaintiff requests monetary damages and

8   injunctive relief.  *See generally* Third Am. Compl. 1-10.

9

**DISCUSSION**

10      As an initial matter, the court previously informed plaintiff in two prior screening orders

11  that a complaint must give fair notice to the defendants and must allege facts that support the

12  elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646,

13  649 (9th Cir. 1984).  Plaintiff was informed that he must allege with at least some degree of

14  particularity overt acts which defendants engaged in that support his claims.  *Id.*  Yet his third

15  amended complaint does not allege in specific terms how any of the named defendants were

16  involved in the deprivation of plaintiff's rights.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v.*

17  *Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

18  Vague and conclusory allegations of official participation in civil rights violations are not

19  sufficient.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

20      Moreover, as best as this court can tell, plaintiff's primary complaint in this action has

21  been one concerning his medical care.  This court twice explained to plaintiff that to establish a

22  violation of the Eighth Amendment based on inadequate medical care, he must allege in specific

23  terms how any named defendants were "deliberately indifferent" to his serious medical needs in

24  either denying or providing inadequate medical care to him.  *See Estelle v. Gamble*, 429 U.S. 97,

25  106 (1976) (inadequate medical care did not constitute cruel and unusual punishment unless the

26  mistreatment rose to the level of "deliberate indifference to serious medical needs.").  *See also*

27  *Minneci v. Pollard*, __ U.S. __, __, 132 S. Ct. 617, 622 (2012) (recognizing that a *Bivens* action

28  may be brought under the Eighth Amendment for damages incurred as a result of the provision of

3

1   inadequate medical care (citing *Carlson v. Green*, 446 U.S. 14 (1980)).  Once more, plaintiff has

2   failed to allege sufficient facts in support of any claim that defendants were "deliberately

3   indifferent" to his medical needs.  He apparently is unable to do so.

4       Finally, as indicated above, the court has twice provided plaintiff with the legal standards

5   that govern the constitutional claims he is attempting to assert in this action and has twice given

6   him the opportunity to cure the defects of his complaint.  After screening plaintiff's most-recently

7   filed amended complaint, the undersigned concludes that plaintiff cannot cure the deficiencies of

8   his complaint, and therefore, dismissal without leave to amend is appropriate.  *See Lipton v.*

9   *Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be

10  futile, there was no need to prolong the litigation by permitting further amendment.").

11      Accordingly, IT IS HEREBY ORDERED that:

12      1.   Plaintiff's complaint is dismissed for failure to state a cognizable claim for relief; and

13      2.   The Clerk is directed to close this case.

14  DATED:  June 7, 2016.

15

16                      EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28